# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

**FILED**

In the Matter of the Search of

**3712 Hartford Street, St. Louis, Missouri, 63116,** (hereinafter referred to as the **TARGET LOCATION**), a single family, three-story, residence. The **TARGET LOCATION** is located on the south side of Hartford Street and faces north. The top half of the residence is constructed of light brown brick and the bottom half of the residence is constructed of white brick. The front porch of the residence is covered. The covered porch is supported by two, white in color columns. The front door to the residence is white in color with a mail slot located below a pain of glass. As one faces the residence, the numbers 3-7-1-2 are clearly posted to the right of the front door. The **TARGET LOCATION** is located in St. Louis City, within the Eastern District of Missouri.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 4:19 MJ 11 DDN

JAN 1 4 2019

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## APPLICATION FOR A SEARCH WARRANT

I, ___Daniel G. Plumb___, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

**3712 Hartford Street, St. Louis, Missouri, 63116, (TARGET LOCATION)** further described above and in attached photograph

located in the _____EASTERN_____ District of _____MISSOURI_____, there is now concealed **see attached LIST.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ✓ evidence of a crime;
- ✓ contraband, fruits of crime, or other items illegally possessed;
- ✓ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, U.S.C., §§ 846, 841(a)(1) | Conspiracy to possess with intent to distribute controlled substance(s) |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

✓ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: ____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Daniel G. Plumb, Task Force Officer
Drug Enforcement Administration
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Jan. 14, 2019

City and State: St. Louis, MO

*Judge's signature*

Honorable David D. Noce, U.S. Magistrate Judge
*Printed name and title*
AUSA:   Erin O. Granger

# AFFIDAVIT

I, Daniel G. Plumb, your Affiant, am a Detective with the St. Peters Police Department currently assigned as a Task Force Officer ("TFO") of the Drug Enforcement Administration ("DEA") of the United States Department of Justice, St. Louis, Missouri, and being duly sworn, state:

## INTRODUCTION

During my tenure with DEA and as a Task Force Officer, I have been assigned to an investigative team for numerous complex investigations of drug-trafficking organizations dealing in heroin, cocaine, marijuana, and other controlled substances. These investigations have resulted in the seizure of heroin, fentanyl, methamphetamine, marijuana, other controlled substances, and weapons. I am familiar with and have utilized normal methods of investigation, including, but not limited to, visual surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the utilization of confidential sources and the use of court-authorized wire intercepts. My training with the Drug Enforcement Administration and as a sworn police officer has included specific training directly related to the aforementioned investigative techniques.

I am an investigative and law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and as such, I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516, Title 18, United States Code. I am currently part of a team of experienced law enforcement officers/agents investigating **Donald Ray SLACK** (hereafter **SLACK**), **Curtis FAIRLEY** (hereafter **FAIRLEY**), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇), and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇) for violations of Title 21, United States Code, Sections 841 (a)(1) and 846 involving the distribution, and conspiracy to distribute, controlled substances, and violations of Title 18 United States Code, Sections 922 and 924 involving firearms (hereinafter "the subject offenses").

1

The following is in support of a search warrant for the premises at 3712 Hartford Street, St. Louis, Missouri 63116 (hereinafter referred to as the **TARGET LOCATION**).

The **TARGET LOCATION** is a single family, three-story, residence. The **TARGET LOCATION** is located on the south side of Hartford Street and faces north. The top half of the residence is constructed of light brown brick and the bottom half of the residence is constructed of white brick. The front porch of the residence is covered. The covered porch is supported by two, white in color columns. The front door to the residence is white in color with a mail slot located below a pain of glass. As one faces the residence, the numbers 3-7-1-2 are clearly posted to the right of the front door. The **TARGET LOCATION** is located in St. Louis City, within the Eastern District of Missouri. A photograph of the **TARGET LOCATION** is attached.

The statements in this affidavit are based in part on my own investigation, as well as information provided by other law enforcement officials, and on my experience, training and background. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.

## INVESTIGATION

In September 2018, investigators from the DEA began an investigation into the **Donald SLACK Drug Trafficking Organization (DTO)**. Investigators received information from Confidential Source (hereafter CS[1]) alleging **SLACK** is multi-kilogram heroin distributor who sells multi-ounce and gram quantities of heroin from inside his a business, "Josephine's Hookah Smoke Shop & Restaurant LLC," located at 2411 Union Boulevard, St. Louis, Missouri, 63113.

---

[1] DEA agents were introduced to the Confidential Source of Information (CS) in August, 2017. Presently, the CS is also working with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a CS. CS began working with the ATF in an effort to work off charges. Since becoming a DEA CS, he/she is cooperating for monetary gain. The CS has a history of providing truthful information and fully cooperating with the ATF which has led to successful controlled purchases on other cases. The CS identified the **SLACK** as a heroin dealer operating from a storefront in St. Louis City, Missouri. CS conducted multiple successful controlled purchases of heroin from **SLACK** with DEA Group 32. CS has been arrested for 2nd degree robbery, armed criminal action, and resisting/interfering with a felony arrest. Agents have no information or knowledge that would indicate that the information provided by CS is unreliable. All information provided by the CS has been and will continue to be vetted by agents to the fullest extent possible.

2

Agents conducted a review of **SLACK's** criminal history. **SLACK** is a convicted felon, who is currently on federal parole until January 26, 2025, for distribution of cocaine base. **SLACK** has prior arrests for possession of a firearm and for assault. When conducting criminal history checks in regard to **SLACK**, an alert on the criminal history reveals to law enforcement that **SLACK** is "ARMED."

CS advised he/she could purchase heroin directly from **SLACK** at "Josephine's Hookah Smoke Shop & Restaurant LLC." Between September 19, 2018 and January 10, 2019, CS at the direction of agents conducted five controlled purchases of heroin from **SLACK** at "Josephine's Hookah Smoke Shop & Restaurant LLC." Based upon the investigation, United States Magistrate Judge Shirley P. Mensah, Eastern District of Missouri, granted a search warrant for at "Josephine's Hookah Smoke Shop & Restaurant LLC."

On January 14, 2019, agents gathered at various locations throughout St. Louis City in preparation to arrest **SLACK** and execute the previously mentioned search warrant. Specifically, agents established surveillance at **SLACK's** residence, located at 3676 Blaine Avenue, St. Louis, Missouri, 63110. At approximately 8:15 a.m., your affiant observed **SLACK** exit the residence of 3676 Blaine Avenue. **SLACK** proceeded to the detached garage located on the property at the residence. Seconds later, your affiant observed the overhead garage door of the two-car garage raise and then watched as **SLACK** drove his blue in color, 2003, Chevrolet Avalanche Truck, bearing Illinois License Plate 28468C from the garage.

Agents followed **SLACK** and stopped him near 3738 Chouteau Avenue, St. Louis, Missouri, 63110 with the intention to arrest him for distribution of controlled substance. Subsequent to a search incident to arrest of both **SLACK** and his vehicle, agents found **SLACK** (a convicted felon) in possession of a loaded firearm, described as a Taurus PAT 145-PRO, .45 caliber pistol, Serial Number NAS35798. The firearm was tucked into **SLACK's** waistband. Additionally, **SLACK** was found to be in possession of approximately five ounces of heroin and

3

a quantity of marijuana. Both the marijuana and heroin were located inside the truck near where **SLACK** had been seated.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████

██████████████████████████████████ agents at 3712 Hartford Street, observed **FAIRLEY** exit the front door of the residence carrying two packages wrapped in gold wrapping paper. **FAIRLEY** and two companions (████ and ████████) entered a vehicle together with the two packages. All three subjects traveled directly from 3712 Hartford Street to 3676 Blaine Avenue without stopping. Upon arrival at 3676 Blaine Avenue, agents attempted to take the three subjects (**FAIRLEY**, ████ and ████████) into custody by blocking their vehicle

4

in. **FAIRLEY**, who was driving, attempted to flee the scene in the vehicle by driving at a vehicle operated by a DEA special agent. **FAIRLEY** came to a stop just short of striking the agent's vehicle. The three subjects were taken into custody. During a search incident to arrest, agents determined **FAIRLEY** and ▇ both possessed loaded firearms. Agents located the two packages inside the vehicle driven by **FAIRLEY**.

Agents secured the packages and DEA TFO Michael Gilyon utilized his narcotics detection dog "Ace" to sniff the packages. TFO Gilyon advised that "Ace" gave a positive indication for the presence of narcotics on each package. Agents requested **FAIRLEY's** consent to open both packages. **FAIRLEY** refused to give consent for agents to open/search either packages.

On January 14, 2019, the Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, authorized search warrants for both packages. Agents executed those search warrants. In one of the packages, investigators located a coffee maker which contained what appeared to be approximately two ounces of fentanyl or heroin. Based on training, knowledge, and experience, investigators know that this amount is consistent with an amount possessed for distribution.

Based upon my training, experience and the investigation to date agents believe there is probable cause that that evidence of the subject offenses will be found inside the **TARGET LOCATION**.

Furthermore, based upon my and the investigating team's experience and our participation in other pending and completed narcotics and firearms investigations, I know:

a. It is common for narcotics dealers to secrete contraband, proceeds of drug sales, and records of drug transactions in their residence or other buildings under their control.

b. Narcotic dealers maintain books, records, receipts, notes, ledgers, computer hard drives and disk records, money orders, and other papers relating to the ordering, sale, and distribution of controlled substances. Narcotics dealers commonly, "front," provide drugs on

5

consignment to their clients. The aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the narcotics dealers have ready access to them, specifically in their residence or in other buildings under their control.

    c.    Narcotics dealers commonly maintain, close at hand, addresses or telephone numbers in books or papers that reflect names, addresses and/or telephone numbers for their associates in the trafficking organization.

    d.    Persons involved in narcotics dealing conceal in their residence or other buildings under their control currency and documents reflecting ownership of vehicles and property utilized in the distribution of narcotics.

    e.    Narcotics dealers take or cause to be taken photographs of themselves, their associates, their property, and their product. These traffickers usually maintain these photographs in their possession.

    f.    Persons involved in large-scale drug-trafficking conceal in residences large amounts of currency, financial instruments, precious metals, jewelry and other items of value and/or proceeds of drug transactions; and evidence of financial transactions relating to obtaining, transferring, secreting or spending of large sums of money made from engaging in narcotics trafficking activities.

    g.    When drug-traffickers amass large proceeds from the sale of drugs, the drug-traffickers attempt to legitimize these profits. I know that to accomplish these goals, drug-traffickers utilize, among other things, foreign and domestic banks and their attendant services, securities, cashier's checks, money drafts, letters of credit, brokerage houses, real estate, shell corporations and business fronts.

    h.    Records of travel are often maintained in the drug-trafficker's residences, among other places.

6

i. Narcotics dealers frequently keep near at hand, in their residence, or other buildings under their control paraphernalia for packaging, cutting, weighing, and distributing drugs. These paraphernalia include, but are not limited to, scales, plastic bags, and cutting agents.

j. Evidence of occupancy and residence including, but not limited to utility and telephone bills, canceled envelopes, rental or lease agreements, and keys, is relevant evidence in narcotics and illegal firearms prosecutions.

k. Firearms (and related ammunition and firearm parts and accessories) are a tool of narcotics traffickers, and narcotics traffickers often carry firearms or keep firearms at their residences, in their vehicles, and other locations where they sell narcotics.

l. It is common for those possessing weapons, including those who illegally possess firearms or possess illegal firearms, to possess those firearms for long periods of time and not give up possession of the weapons unless extenuating circumstances exist.

m. Most firearms are not manufactured within the State of Missouri and have to travel across state lines, either through sale or other means, to enter the possession of a resident of the State of Missouri.

n. Most individuals who possess firearms tend to possess ammunition.

## CONCLUSION

Based upon the investigation by this affiant and other law enforcement officers, I believe **FAIRLEY** currently utilizes the **TARGET LOCATION** to store controlled substances (i.e. heroin, fentanyl). As a result of this investigation, there is probable cause to believe that the items listed above, which are evidence of participation in violations of Title 21, United States Code, Sections 841(a)(1) and 846 and violations of Title 18 United States Code, Sections 922 and 924 are accessible to and utilized by **FAIRLEY** and will be found inside the **TARGET LOCATION.**

7

Due to the ongoing nature of the investigation and this affidavit, I request that this affidavit be sealed.

Dated this 14th day of January, 2019

_____
Daniel Plumb
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 14th day of January, 2019.

_____
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

8

## LIST

1. Controlled Substances;

2. Paraphernalia for packaging, cutting, weighing and distributing controlled substances, including, but not limited to, scales, baggies and spoons; and

3. Books, records, receipts, notes, ledgers, computer hard-drives and disk records, and other papers relating to the transportation, ordering, purchasing and distribution of controlled substances and/or firearms;

4. Telephone bills, invoices, packaging, cellular batteries and/or charging devices, cancelled checks or receipts for telephone purchase/service; cellular and/or landline telephones; digital and/or alphanumeric text (two-way) pagers; computers capable of e-mail and/or chat-room communication, answering machines; address and/or telephone books and papers reflecting names, addresses, and/or telephone numbers of sources of supply, of customers, and/or evidencing association with persons known to traffic in controlled substances or to facilitate such trafficking.

5. Photographs, in particular photographs of co-conspirators, of assets, and/or of controlled substances.

6. United States Currency, precious metals, jewelry, and financial instruments, including, but not limited to, stocks and bonds, papers, titles, deeds and other documents reflecting ownership of vehicles and property utilized in the distribution of controlled substances or which are proceeds from the distribution of controlled substances;

7. Books, records, receipts, pay stubs, employment records, bank statements and records, money drafts, letters of credit, money order and cashier's checks receipts, passbooks, bank checks and other items evidencing the obtaining, secreting, transfer and/or concealment of assets and the obtaining, secreting, transfer, concealment and/or expenditure of money;

8. Papers, tickets, notes, schedules, receipts and other items relating to travel, including, but not limited to, travel to and from St. Louis, Missouri and elsewhere

9. Indicia of occupancy, residency, rental and/or ownership of the vehicles and/or premises described above, including, but not limited to, utility and telephone bills, cancelled envelopes, rental or lease agreements and keys;

10. Firearms and/or weapons.

